UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DUKHAN MUMIM,
   Plaintiff,

vs.  No. 05-1258

KENNETH R. BRILEY, et al.,
   Defendants.

ORDER

   The plaintiff, a state prisoner, has submitted a civil rights complaint under 42 U.S.C. § 1983 which names 36 different defendants at both Stateville Correctional Center and Illinois River Correctional Center. The plaintiff also filed a motion to proceed in forma pauperis.

   The plaintiff's complaint is on a standard complaint form which asks the plaintiff to fill out specific sections. In one section, the plaintiff is asked to list ALL previous lawsuits he has filed in any state of federal court and to state the final outcome in each of those lawsuits. (Comp., p 5). The plaintiff was specifically admonished that:

> [i]f you have filed more than one lawsuit, then you must describe the additional lawsuits on another piece of paper using this same format. Regardless of how many cases you have previously filed, you will not be excused from filling out this section completely, and failure to do so may result in the dismissal of your lawsuit. (Comp, p. 5)

The plaintiff listed one pending lawsuit he had filed in a Federal District Court in Nebraska. However, the plaintiff failed to mention that he has filed twenty-five separate lawsuits. In addition, the plaintiff is well aware that he was restricted from proceeding in forma pauperis. Title 28, United States Code, Section 1915, provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

   The plaintiff had at least three lawsuits dismissed for failure to state a claim upon which relief could be granted and was specifically dismissed from a multi-plaintiff action after the court informed the plaintiff that he had already accumulated three strikes and could not proceed in forma pauperis. (*See* Fisher, et. al, v Clarke, et. al., 2001 cv 3149).

Neither the plaintiff's motion to proceed in forma pauperis nor his complaint makes reference to these earlier rulings. Therefore, the plaintiff's in forma pauperis motion is denied. [d/e 1] In addition, the case is dismissed. The court agrees with the reasoning in Sloan v. Lesza. 181 F.3d 857, 859 (7th Cir. 1999) which states:

> An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that §195(g) applies to a particular litigant will lead to immediate termination of the suit.

Furthermore, the until the plaintiff has paid in full the outstanding fees in all civil actions he has filed, the clerk of the court will return unfiled all papers he tenders. *See* Sloan, 181 F.3d 857; Support Systems International, Inc. v. Mack, 45 F.3d 185 (7th Cir. 1995).

Lastly, the court notes that in the section of the complaint which asks if the plaintiff has exhausted his administrative remedies, the plaintiff states that there is no grievance procedure at either of the state correctional facilities. The court takes judicial notice of the fact that the Illinois Department of Corrections has a well-established grievance procedure. The plaintiff is advised that he must exhaust his administrative remedies for each intended claim before he can file a lawsuit.

IT IS THEREFORE ORDERED that:

(1) The plaintiff's motion to proceed in forma pauperis is denied. [d/e 1]

(2) The plaintiff's complaint is dismissed in its entirety for the plaintiff's failure to inform the court that he had "struck out" under 28 U.S.C. § 1915(g);

(3) The clerk of the court is directed to add the plaintiff's name to the list of plaintiff's who have accumulated three strikes.

(4) The agency having custody of the plaintiff is directed to remit the docketing fee of $250.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $250.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher. Thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $250.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $250.00.

(5) The plaintiff shall notify the clerk of the court of a change of address within seven days of such change. Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.

(6) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.

(7) all other pending motions are denied as moot. [3, 4].

(8) The clerk of the court is directed to return unfiled all papers tendered by this plaintiff until the plaintiff has paid in full the outstanding fees in all civil actions he has filed. *See* Sloan, 181 F.3d 857; Support Systems International, Inc. v. Mack, 45 F.3d 185 (7th Cir. 1995).

Enter this 5th day of December, 2005.

**s\Harold A. Baker**
_____
HAROLD A. BAKER
U.S. DISTRICT JUDGE